**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **GENEVA FARMS, LLC, a Florida limited liability company,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HARLLEE FRUIT & VEGETABLE INC., a Florida corporation d/b/a HARLLEE FARMS INC., and JAMES HARLLEE POWELL, an individual,**<br><br>**Defendants.** | **Case No.** |

**CIVIL ACTION COMPLAINT**

Defendant Harllee Fruit & Vegetable Inc. d/b/a Harllee Farms Inc., bought perishable agricultural commodities, commonly referred to as "produce," from Plaintiff Geneva Farms, LLC but did not pay for them as required. As a result, Harllee owes Geneva Farms not less than $115,884.00 for produce it received and accepted and has not paid that debt.

Geneva Farms brings this lawsuit to (a) enforce its rights under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a-499t, federal common law, and applicable state law, (b) recover the trust assets held by, transferred to, or controlled by Harllee and those who control or received them, and (c) recover the damages caused by Harllee's failure to pay.

## PARTIES

1. Plaintiff Geneva Farms, LLC is a Florida limited liability company that sells produce, with its operating address at 2061 Squirrel Run, Geneva, Florida 32732 ("Geneva Farms").

2. Defendants are:

(a) Harllee Fruit & Vegetable Inc., a Florida corporation d/b/a under the registered fictitious name Harllee Farms Inc., with its principal place of business at 122 E Main Street, Suite 205, Lakeland, Florida 33801 ("Harllee").

(b) James Harllee Powell ("Powell"), an individual residing in Lakeland, Florida.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over Geneva Farms' claims, because they arise under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a-499t ("PACA"), including the statutory trust provision, 7 U.S.C. § 499e(c) ("PACA Trust"), and federal common law. 28 U.S.C. § 1331; 7 U.S.C. § 499e(b)(2); 7 U.S.C. § 499e(c)(5).

4. This Court has supplemental jurisdiction over Geneva Farms' state-law claims, because they are so related to the PACA and federal common-law claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district, because a substantial part of the events or omissions giving rise to Geneva Farms' claims occurred in this district, and because the Defendants reside in this district.

6. This Court has personal jurisdiction over Harllee, because it is a Florida corporation that maintains its principal place of business in this district, received Geneva Farms' produce here, and committed the acts and omissions in Florida that caused Geneva Farms' injuries.

7. This Court also has personal jurisdiction over Powell because he is a Florida resident who directed business conduct in this district by managing, controlling, or acting on behalf of Harllee, including with respect to Harllee's duties under the PACA Trust, and because his acts and omissions in Florida caused Geneva Farms' injuries.

## FACTS COMMON TO ALL COUNTS

8. Geneva Farms is a produce dealer that buys and sells wholesale quantities of perishable agricultural commodities, as defined under PACA, including all fresh and frozen fruits and fresh vegetables.

9. Between February 15, 2025, and May 21, 2026, Geneva Farms and Harllee entered into a series of contracts under which Geneva Farms agreed to ship and sell produce, consisting of strawberries and seedless watermelons, to Harllee in the course of interstate commerce, and Harllee agreed to pay Geneva Farms for the produce (the "Transactions").

10. The unpaid balance for the Transactions is no less than $115,884.00.

11. Harllee received and accepted the produce from Geneva Farms.

12. For each Transaction, Geneva Farms sent an invoice to Harllee itemizing the agreed-upon quantities and types of produce, the contract prices, and the amounts owed by Harllee.

13. Each invoice stated that any past-due balance would accrue interest at the rate of 18% per year (1.5% per month), or the maximum rate allowed by law, and that the interest and attorneys' fees necessary to collect any balance due would be considered sums owing in connection with the Transactions under the PACA Trust.

14. Each invoice also included the PACA Trust statutory statement, preserving Geneva Farms' rights as a PACA Trust beneficiary.

15. Harllee received the invoices and did not object to their terms.

16. Despite receiving and accepting the produce and the invoices, Harllee failed to pay Geneva Farms.

17. Harllee currently owes Geneva Farms the principal amount of not less than $115,884.00, plus interest at the rate of 18% per year (1.5% per month) from the date each Transaction became overdue, and collection costs, including reasonable attorneys' fees.

**COUNT I: HARLLEE**

**<u>BREACH OF CONTRACT</u>**

18. Geneva Farms incorporates by reference its allegations in paragraphs 1 through 17.

19. Geneva Farms and Harllee entered into the Transactions.

20. Harllee breached the contracts by failing to pay for the produce as agreed.

21. Geneva Farms fully performed all conditions precedent required under the contracts.

22. Because Harllee breached the parties' contracts, Geneva Farms has suffered damages of not less than $115,884.00, plus interest at the rate of 18% per year (1.5% per month) from the date each Transaction became overdue, as well as collection costs, including reasonable attorneys' fees.

FOR THESE REASONS, Geneva Farms requests a judgment in its favor and against Harllee in the principal amount of not less than $115,884.00, plus interest at the rate of 18% per year (1.5% per month) from the date each Transaction became overdue, as well as collection costs, including reasonable attorneys' fees.

**COUNT II: ALL DEFENDANTS**

**<u>DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM</u>**
**7 U.S.C. § 499e(c)**

23. Geneva Farms incorporates by reference its allegations in paragraphs 1 through 17.

24. Harllee qualifies as a produce dealer under PACA because it bought and sold at least 2,000 pounds of produce in a single day.

25. During the Transactions, Harllee held a valid PACA license (No. 20230410) issued by the USDA.

26. Geneva Farms and Harllee entered into the Transactions.

27. The sales occurred in interstate commerce, as the produce was part of the regular flow of commerce customary in the industry, in which commodities are

shipped from one place with the expectation that they will reach their destination, after purchase, in another.

28. By transferring ownership, possession, or control of the produce to Harllee, Geneva Farms became eligible to participate in the PACA Trust. 7 C.F.R. § 46.46(c)(1).

29. For each Transaction, Harllee became a trustee under the PACA Trust upon receiving and accepting the produce, with Geneva Farms as the PACA Trust beneficiary.

30. During the Transactions, Geneva Farms held a valid PACA license (No. 20190773) issued by the USDA.

31. Geneva Farms preserved its rights as a PACA Trust beneficiary of Harllee by including the PACA Trust statutory statement on each invoice sent to Harllee.

32. Harllee breached its PACA Trust duties by failing to pay for the produce purchased from Geneva Farms and by failing to maintain sufficient PACA Trust assets to satisfy Geneva Farms' PACA Trust claim.

33. As an unpaid produce supplier and seller and a PACA Trust beneficiary, Geneva Farms is entitled to protection under the PACA Trust, including the right to payment from Harllee's PACA Trust assets.

34. Powell controls, or has the ability to control, hold, or has received PACA Trust Assets of Harllee, and any PACA Trust Assets in his possession or control remain subject to Geneva Farms' PACA Trust claim.

FOR THESE REASONS, Geneva Farms seeks an Order declaring that it holds a valid PACA Trust claim, enforceable against all Defendants, in the principal amount of not less than $115,884.00, plus interest at the rate of 18% per year (1.5% per month) from the date each Transaction became overdue, as well as collection costs, including reasonable attorneys' fees.

**COUNT III: HARLLEE**

**TO PREVENT AND RESTRAIN DISSIPATION OF THE PACA TRUST, <u>CREATION OF COMMON FUND AND PERMANENT INJUNCTION</u> 7 U.S.C. § 499e(c)(5)**

35. Geneva Farms incorporates by reference its allegations in paragraphs 1 through 17 and paragraphs 24 through 34.

36. PACA broadly defines the assets subject to the PACA Trust to include all produce received by Harllee in any transaction; all inventories of food or other products derived from such produce; all accounts receivable or proceeds from the sale of the produce and its products; and all assets commingled with, purchased with, or otherwise acquired using those proceeds (collectively, "PACA Trust Assets"). See 7 U.S.C. § 499e(c); 7 C.F.R. § 46.46(b).

37. As a PACA trustee, Harllee must maintain PACA Trust Assets in a nonsegregated, floating trust so that sufficient PACA Trust Assets are freely available to satisfy its outstanding obligations to Geneva Farms and other unpaid produce suppliers with valid PACA Trust claims as those claims become due. See 7 C.F.R. § 46.46(d)(1).

38. Harllee must hold the PACA Trust Assets in trust for Geneva Farms and any unpaid produce suppliers with valid PACA Trust claims until full payment has been made on all amounts owed in connection with their respective transactions. See 7 U.S.C. § 499e(c); 7 C.F.R. § 46.46(c)(1).

39. Any actions and omissions by Harllee that are inconsistent with its obligations to maintain sufficient PACA Trust Assets, such as diverting those assets or impairing the ability of Geneva Farms and other unpaid produce suppliers with valid PACA Trust claims to recover amounts owed, are unlawful under PACA and constitute dissipation of the PACA Trust. See 7 C.F.R. § 46.46(a)(2), (d)(1).

40. Harllee accepted the produce from Geneva Farms.

41. Upon information and belief, Harllee failed to satisfy its duties as a PACA trustee by not maintaining sufficient PACA Trust Assets to satisfy Geneva Farms' PACA Trust claim, and by diverting or transferring PACA Trust Assets to pay or benefit non-trust creditors.

42. Harllee's failure to maintain sufficient PACA Trust Assets and its diversion of those assets to non-trust obligations are unlawful under PACA and constitute dissipation of the PACA Trust.

43. Geneva Farms seeks to prevent and restrain further dissipation of the PACA Trust, ensure proper segregation and administration of PACA Trust Assets, and establish a common fund from which Geneva Farms and other unpaid produce suppliers with valid PACA Trust claims may be paid.

FOR THESE REASONS, Geneva Farms requests the following Orders:

(a) That the Court exercise in rem jurisdiction over the PACA Trust Assets;

(b) That Harllee, and all persons acting in concert with it, including Powell, be enjoined from dissipating PACA Trust Assets;

(c) That the PACA Trust Assets be segregated into a separate account to create a common fund from which Geneva Farms and other unpaid produce suppliers with valid PACA Trust claims may receive payment;

(d) That Harllee be directed to account for all PACA Trust Assets, and to maintain sufficient PACA Trust Assets to satisfy the claims of Geneva Farms and other unpaid produce suppliers with valid PACA Trust claims; and

(e) That the Court oversee the administration of the PACA Trust Assets, including the collection and marshalling of those assets, the determination of the validity and amount of claims asserted against the PACA Trust Assets, and the distribution of funds to satisfy all valid PACA Trust claims.

**COUNT IV: HARLLEE**

**<u>ENFORCEMENT OF PAYMENT FROM THE PACA TRUST</u>**
**7 U.S.C. § 499e(c)(5)**

44. Geneva Farms incorporates by reference its allegations in paragraphs 1 through 17 and paragraphs 24 through 43.

45. Harllee received and accepted the produce from Geneva Farms.

46. Harllee has custody and control over the PACA Trust Assets from which Geneva Farms is entitled to payment.

47. Geneva Farms holds a valid PACA Trust claim for the amounts owing in connection with the Transactions.

48. Harllee breached its duties as a PACA trustee by failing to pay Geneva Farms for the Transactions, by not maintaining sufficient PACA Trust Assets to satisfy Geneva Farms' PACA Trust claim, and by diverting PACA Trust Assets to pay non-trust expenses and creditors.

49. Because Harllee breached its PACA trustee obligations, Geneva Farms has suffered damages in an amount not less than $115,884.00, plus interest at the rate of 18% per year (1.5% per month) from the date each Transaction became overdue, as well as collection costs, including reasonable attorneys' fees.

FOR THESE REASONS, Geneva Farms seeks an Order directing Harllee to pay Geneva Farms from the PACA Trust Assets until Geneva Farms receives full payment of the sums owed in connection with the Transactions, including not less than $115,884.00, plus interest at the rate of 18% per year (1.5% per month) from the date each Transaction became overdue, as well as collection costs, including reasonable attorneys' fees.

## COUNT V: HARLLEE

**FAILURE TO MAINTAIN THE PACA TRUST**
**7 U.S.C. §§ 499b(4), 499e(a), 499e(b)**

50. Geneva Farms incorporates by reference its allegations in paragraphs 1 through 17 and paragraphs 24 through 49.

51. Harllee must hold PACA Trust Assets in trust for Geneva Farms, ensuring that these assets are freely available to satisfy its outstanding obligations to Geneva Farms until Geneva Farms receives full payment of the sums owed in connection with the Transactions. 7 U.S.C. § 499e(c)(2); 7 C.F.R. § 46.46(b), (d)(1).

52. Any acts or omissions by Harllee that are inconsistent with its responsibility to maintain sufficient PACA Trust Assets to pay Geneva Farms are unlawful and in violation of PACA. 7 U.S.C. § 499b(4).

53. Harllee failed to maintain sufficient PACA Trust Assets to pay Geneva Farms.

54. Harllee breached its duties under the PACA Trust by dissipating PACA Trust Assets and failing to maintain adequate PACA Trust Assets to satisfy Geneva Farms' PACA Trust claim.

55. Because Harllee failed to maintain adequate PACA Trust Assets to satisfy Geneva Farms' PACA Trust claim, Geneva Farms has suffered damages equal to any portion of its claim not received from PACA Trust Assets.

FOR THESE REASONS, Geneva Farms seeks a judgment in its favor and against Harllee in an amount equal to the difference between not less than

$115,884.00, plus interest at the rate of 18% per year (1.5% per month) from the date each Transaction became overdue, as well as collection costs, including reasonable attorneys' fees, and any payments received from PACA Trust Assets.

**COUNT VI: JAMES HARLLEE POWELL**

**BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES**

56. Geneva Farms incorporates by reference its allegations in paragraphs 1 through 17 and paragraphs 24 through 55.

57. During the Transactions, Powell was the President, Treasurer, Secretary, Director, and registered agent of Harllee, and the reported principal of Harllee as identified on its PACA license.

58. In these capacities, and as the sole shareholder of Harllee, Powell had control, or the ability to exercise control, over Harllee's PACA Trust Assets.

59. Powell had full knowledge of, and responsibility for, Harllee's operations and financial dealings.

60. As a person in control of Harllee, Powell owed fiduciary duties to ensure that Harllee complied with its duties as a PACA trustee.

61. Harllee breached its PACA Trust duties by failing to maintain sufficient PACA Trust Assets to satisfy all PACA Trust claims, including Geneva Farms'.

62. Powell breached his fiduciary duties by failing to ensure Harllee's compliance with its duties as a PACA trustee.

63. Because Powell breached his fiduciary duties, Geneva Farms has suffered damages in an amount not less than $115,884.00, plus interest at the rate of 18% per

year (1.5% per month) from the date each Transaction became overdue, as well as collection costs, including reasonable attorneys' fees.

FOR THESE REASONS, Geneva Farms seeks a judgment in its favor and against Powell in an amount equal to the unpaid balance of not less than $115,884.00, plus interest at the rate of 18% per year (1.5% per month) from the date each Transaction became overdue, as well as collection costs, including reasonable attorneys' fees, offset by any amounts recovered from Harllee's PACA Trust Assets.

Respectfully submitted on October 13, 2026.

MEUERS LAW FIRM, P.L.

By: /s/ Steven M. De Falco

Steven M. De Falco
Fla. Bar No. 0733571
5385 Park Central Court, Suite 2
Naples, FL 34109
Telephone: (239) 513-9191
sdefalco@meuerslawfirm.com

*Lead Attorney for Plaintiff Geneva Farms, LLC*